M. J. KELLY, Appellant, v. F. A. SIEFERT, Respondent.

St. Louis Court of Appeals, May 4, 1897.

1. **Injunction to Restrain Use, by One Citizen, of Foreign Tribunal, to Deprive Another of Rights under Local Laws.** The courts of this state will restrain the use, by one of its citizens, of foreign tribunals, to deprive another of its citizens of his just rights under the local laws. *Wyeth v. Lang*, 54 Mo. App. 147.

2. **Injunction to Restrain Garnishment upon Foreign Judgment.** In a proceeding by injunction to restrain a garnishment of plaintiff's wages upon a foreign judgment in attachment, it was no ground for dismissal that his wages were not actually garnished; it was sufficient to sustain the injunction that other garnishments might follow, and thus subject plaintiff and his employer to interminable litigation. 1 Beach, sec. 524.

3. ———: FOREIGN EXEMPTION LAW: RIGHT OF CITIZEN TO PROTECTION OF LOCAL LAW. The exemption law of another state not in existence at the date of issuance of the temporary injunction could not protect plaintiff in his rights, and, if it had been, his right to equitable interference would have remained. He could not be forced to go to a foreign jurisdiction to claim his exemptions.

4. Parties: PROOF. Where there was no testimony that defendant instituted, or was in any way interested in, the attachment suit, but all the circumstances tended to prove that he did and was so interested, it was sufficient to show that fact.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN M. WOOD, Judge.

JUDGMENT SET ASIDE, AND CAUSE REMANDED *(with directions)*.

*Dodge & Mulvihill* and *S. S. Merrill* for appellant.

In cases like this, courts of equity will issue an injunction against such suits. *Wyeth v. Lang,* 54 Mo. App. 147, 150, 151; *Cole v. Cunningham,* 133 U. S. 107, 118–121; 1 High on Injunc. [3 Ed.], 85, 106.

The fact that defendant had dismissed his garnishment after he was notified that an injunction would be applied for, is immaterial. 1 Beach on Injunc., pp. 531, 532, sec. 520.

The petition states a cause of action, and it is immaterial how inartificially drawn. *Putnam v. R. R.,* 22 Mo. App. 589.

By pleading to the merits, defendant waived all objections, except that the petition did not state a cause of action, and that the court had no jurisdiction of the case. *Paddock v. Somes,* 102 Mo. 226; *Buck v. R. R.,* 46 Mo. App. 555; *Elfrank v. Seiler,* 54 Mo. 134; *Sappington v. R. R.,* 14 Mo. App. 86.

*H. A. Loevy* for respondent.

Appellant is entitled to his exemption of wages under our local law, and it has been held that equity will exercise its power by injunction to prevent a creditor who is a citizen of the same state as that of which his debtor is also a citizen, evading the exemption law of that state. *Wyeth v. Lang,* 54 Mo. App. 150, 151.

Kelly v. Siefert.

But, however, in 1891 the legislature of Illinois passed an act granting nonresidents the same exemption which exists in their favor in the state in which they reside. R. S. Illinois, 1891, p. 776, sec. 34.

Courts were established to redress actual, not fancied or imaginary wrongs; a court of equity will not, therefore, interfere unnecessarily. *Dickhaus v. Olderheide*, 22 Mo. App. 78; 1 Pom. Eq. Juris., sec. 378.

Equity will not interfere by injunction to prevent an injury merely nominal or theoretical in its nature. 10 Am. and Eng. Ency. 783.

The chancellor will not even restrain or attempt to enforce a void judgment. Appellant pleads that the judgment in the attachment case would not be void if rendered. *Holland* case, 30 Mo. 34; *Reynolds* case, 89 Mo. 146.

By so pleading, appellant pleads himself out of court. *Thorp v. Miller*, 36 S. W. Rep. (Mo.) 931.

An injunction will not lie where the party has a complete and adequate remedy at law. *Spitz v. Kerfoot*, 42 Mo. App. 84. See, also, *Woolfolk v. Kemper*, 31 Mo. App. 242; 3 Pom. Eq. Jur., secs. 1338, 1361; 10 Am. and Eng. Ency. 784.

If respondent's suit in Illinois is wrongful or malicious, appellant has an adequate remedy in this state. *Wyeth v. Lang*, 54 Mo. App.; 127 Mo. 242.

The temporary injunction was properly dissolved because not applied for until after the attachment suit had been commenced. *Mead v. Merritt*, 2 Paige, Ch. 404; *Carroll v. Bank*, 1 Harr. Ch. (Mich.) 204, *et seq.*

Appellant admits that he owed respondent $32, but he at no time before suit actually brought by Maher, nor while respondent still claimed to own the cause of action, tendered respondent any part of the money. *Overall v. Ruenzi*, 67 Mo. 203; *McDaniel* case, 48 Mo.

App. 281; *Herweck* case, 61 *Id.* 456; *Kinealy* case, 55 *Id.* 180.

BIGGS, J.—On the eleventh day of September, 1889, a suit by attachment was brought against the plaintiff herein before a justice of the peace in the city of Chicago. The suit was prosecuted in the name of the defendant Siefert, to the use of one James Maher. The plaintiff and defendant both lived in the city of St. Louis; and the plaintiff was employed in the St. Louis office of the express fast freight line (hereinafter designated as the Freight Company) a corporation doing business in both cities. On the third day of October the justice rendered a judgment against the plaintiff upon a constructive notice; that is, by posting notices and mailing to plaintiff a copy of the notice at his place of residence in the city of St. Louis. Subsequently, to wit, on the tenth day of October, the Freight Company was summoned as garnishee. The notice was served on its agent in Chicago. On the fourteenth it answered the garnishment, denying that it owed plaintiff anything. Issue was taken on the answer and the garnishment was continued until November 13. On the twenty-ninth day of October at 9 A. M. the garnishment was voluntarily dismissed. On the same day at 10 A. M., and in pursuance of a previous notice to Siefert, plaintiff presented his petition in the present case, the object of which was to enjoin Siefert from the further prosecution of the suit and garnishment proceedings. The temporary injunction was granted and the order served on Siefert. In due time Siefert filed an answer denying the allegations of the bill, which was followed by a motion to dissolve. Nothing more was done in the case until the June term, 1896, when the case was called for trial. The matter was heard and the issues were found for the defendant. The temporary injunction was dis-

Kelly v. Siefert.

solved, and the proceeding dismissed.  The plaintiff has appealed.

The gist of the plaintiff's complaint is this: that he was the head of a family and did not own the amount of exempt property to which he was entitled under the laws of Missouri; that the Freight Company paid him a salary of $75 per month, which he was entitled to claim as exempt in lieu of other property; that his salary was paid promptly at the end of each month, which protected it from garnishment at the suit of his creditors; and that the defendant made to one James Maher a pretended assignment of a bogus indebtedness against plaintiff, the purpose being to sue by attachment in Chicago, garnish the plaintiff's wages there, and thereby wrongfully deprive him of his aforesaid exemption rights.  There was evidence tending to prove all the foregoing averments, except that it appeared that the plaintiff did owe the defendant $32, which the plaintiff had been ready at all times to pay, and had several times offered to pay, provided the defendant could produce and deliver up his notes.

Whatever the decisions may be elsewhere, it is the law of this state that its courts will restrain one of its citizens from using foreign tribunals as instruments or means of depriving another citizen of his just rights under local laws.  The principle is, that each citizen is bound by the laws of his state, and he will not be permitted to adopt a particular course with a view of counteracting their operation.  *Wyeth v. Land*, 54 Mo. App. 147.  The averments in plaintiff's bill make a case for the application of the rule, and unless the plaintiff failed in his proof the decree of the circuit court is wrong.

In support of the judgment counsel for defendant argues, that as the evidence shows that none of plain-

*Margin note:* INJUNCTION to restrain use, by one citizen, of foreign tribunal to deprive another of rights under local laws.

INJUNCTION to
restrain garnish-
ment upon
foreign judg-
ment.

tiff's wages were actually garnished (the Freight Company not being indebted to him at that time) the injunction proceeding was unnecessary. This argument is fallacious, for the reason that other garnishments might follow, and thus the plaintiff and his employer would be involved in interminable litigation. Against this possibility the plaintiff had a right to be protected. 1 Beach, sec. 524.

It was shown on the trial that three years after this suit was instituted, the legislature of the state of

FOREIGN exemp-
tion law: right
of citizen to
protection of
local law.

Illinois passed an act by which non-resident debtors who were sued in that state might be protected to the extent of the exemptions allowed them by the laws of their own state. Therefore it is claimed that even though the plaintiff's wages were properly garnished, this statute fully protected him in his rights, and for this reason the decree dissolving the injunction was justified. We have been unable to grasp the force of this argument. It suffices to say that the law was not in existence at the time this suit was brought, and if it had been, the plaintiff's right to equitable interference would have remained, as the defendant ought not to be permitted to force him to go to a foreign jurisdiction to claim his exemptions.

It is also urged that the temporary injunction was improvidently issued for the reason that at the time of its issuance the attachment suit had been dismissed. The transcript of the justice does not show a dismissal of the attachment suit. It shows a dismissal of the garnishment *only*. It appears from the transcript that the plaintiff had been served in the action by posting notices and by mailing a copy of the notice to him at his residence in the city of St. Louis; that in pursuance of this service a final judgment was entered

against him for the debt; that subsequently, to wit, on the tenth day of October the Freight Company was garnished, and that on the fourteenth it filed its answer denying indebtedness; that on the same day Siefert took issue on the answer; that the garnishment was continued until November 13, and that on the twenty-fourth day of October at 9 A. M. the garnishment was dismissed. Judging from the transcript it would seem that in attachment proceedings before justices of the peace in the state of Illinois, there may be a judgment for the debt upon the service above mentioned, without the seizure of property or credits. And we may state, although it was not so shown on the trial, that such was the statute at that time. R. S. of Ill. 1889, sec. 50, p. 135. Thus it appears that the defendant was at liberty to issue other garnishments against which the plaintiff ought to have been protected. For this reason the injunction was properly granted in the first instance even though the plaintiff and the court had been advised of the discontinuance of the garnishment, which they were not. What we have said in this paragraph answers the further point, that the injunction was improperly issued for the reason that the judgment of the justice was an absolute nullity. This argument proceeds upon the erroneous supposition (as we have shown) that as there was no personal service or appearance by plaintiff and none of his property was attached, the justice was without jurisdiction to proceed in the attachment.

Lastly it is claimed that there is no evidence to show that the defendant instituted or was in any way interested in the attachment suit. It is PARTIES: proof. true that no witness testified to these things, but all of the circumstances tend to prove them.

We have looked into the evidence, which is practi-

cally undisputed, and have given careful attention to the numerous suggestions made by defendant's counsel in support of the decree, and our minds have been forced to a conclusion different from that reached by the learned trial judge. The judgment will, therefore, be set aside and the cause remanded, with instructions to the circuit court to enter a decree making the temporary injunction perpetual. All the judges concur.