## HELEN A. KEMPSON

### *v.*

## ST. GEORGE KEMPSON.

[Submitted April 24th, 1899. Decided April 26th, 1899. Filed September 26th, 1899.]

A complaint by a wife alleging that her husband, whose residence was in New Jersey, had gone to North Dakota, and after a pretended residence there for a few months, commenced a suit against her for divorce, presents a case so inequitable as justifies a court of equity in the former state in restraining its prosecution.

On order to show cause why injunction should not issue.

*Mr. Charles C. Hommann,* for the complainant.

PITNEY, V. C.

The complainant, the wife, exhibits her bill against the defendant, her husband, and by it asks the exercise of the restraining power of the court to enjoin him from further proceeding with a suit which he has commenced against her in one of the courts of the State of North Dakota for a divorce from the bonds of matrimony on the ground of misconduct on her part other than that of adultery, viz., cruelty. Suit was commenced by the husband in that court on March 29th, 1899, and service of the complaint and summons was made upon her April 4th, 1899, in this state, where her domicile is, and where, also, that of the husband was up to at least the 23d of December last. The complaint asks for the custody of the children of the marriage.

In his complaint he alleges that he is and has been for three months a resident of the State of North Dakota. The allegation of the bill is that this statement in the Dakota complaint is false, and that the husband is about to practice a fraud upon the court of that state and also upon the complainant, and makes

Kempson v. Kempson.

that threatened fraud the basis of her right to relief in this court.

The affidavits annexed to the bill make out a strong *prima facie* case for the complainant, much stronger than was made for the complainant upon the hearing of the case of *Streitwolf* v. *Streitwolf, 41 Atl. Rep. 876.*

The action of the chancellor in that cause before it came on for final hearing is a precedent for the power of the court to intervene in such a case. The chancellor there, at the instance of the wife, granted an injunction against Streitwolf's further proceeding with his suit in North Dakota, which injunction was disregarded. The difference between that case and this, however, is manifest. There the wife had already brought a suit in this court against her husband for divorce from bed and board on the ground of his extreme cruelty, and he had answered, setting up the very matters in defence which he subsequently made the foundation of his suit in Dakota.

In the case in hand the complainant's right to relief rests solely upon the ground that the conduct of her husband while domiciled in New Jersey in going to Dakota and gaining a nominal or pretended residence there for a few months and commencing a suit against her there based on such pretended residence is so far inequitable and unjust as to merit the interference of a court of equity.

I am of the opinion, upon the case made by the bill and affidavits, that complainant is entitled to the aid of this court. She is in this predicament—she must either (1) go to the trouble and expense of appearing generally in the Dakota court to resist her husband's claim, or (2) she must attempt to appear specially for the purpose of contesting the jurisdiction of the court by showing his real domicile to be in New Jersey. Either of these defences involves great labor and expense on her part. The only other course open to her is, in substance, to allow judgment by default to go against her there, and attack the decree when attempted to be enforced in this state. Now, if she adopts the first remedy and appears in that court, it will, by that appearance, have obtained jurisdiction of her person and undoubted

jurisdiction of the subject-matter of the suit, and the case then will be brought within the authority of the case of *Fairchild* v. *Fairchild, 8 Dick. Ch. Rep. 678,* and the decree of that court will be binding upon her. As to the second course, namely, a special appearance for the purpose of attacking the jurisdiction, it is common knowledge that the courts of Dakota assume jurisdiction of non-resident defendants based on a residence on the part of the plaintiff which falls far short of amounting to an actual domicile. In fact, they are satisfied with a mere temporary residence adopted for the purpose of obtaining a divorce, and without any *animus manendi ;* so that, if she should appear specially, the task of satisfying the court that her husband was not a *bona fide* domiciled resident of the state would be well-nigh hopeless. If she takes the remaining course, and fails entirely to appear, and allows a decree to go against her, she will be in the situation of a divorced wife, who must bring a suit to set aside the decree of divorce and enforce her rights against her husband, who may avoid a personal service in this jurisdiction. This is a hardship to which it seems to me the husband has no right in equity to subject her.

I held in *Felt* v. *Felt, 12 Dick. Ch. Rep. 101,* that the only ground upon which a valid decree of divorce, based upon a service out of the territorial limits of the jurisdiction of the court, could be rested, was that the complaining spouse had an actual *bona fide* domicile within that jurisdiction. It will be no hardship for the defendant herein to have the question of his actual domicile in Dakota settled by judicial investigation here before he proceeds with his suit there, and it seems to me that the ends of justice will be best attained by such preliminary determination. The rights and interests of the children will also be better protected by such a determination.

I will advise an order that an injunction do issue pending this suit.