## CONNELLY v. CENTRAL R. CO. OF NEW JERSEY (two cases).

(District Court, S. D. New York. October 24, 1916.)

1. COURTS ⬅➡268—FEDERAL COURTS—INJURIES TO SERVANT—DISTRICT IN WHICH SUIT MAY BE BROUGHT—EMPLOYERS' LIABILITY ACT.

By the provisions of Employers' Liability Act April 22, 1908, c. 149, § 6, 35 Stat. 66, as amended by Act April 5, 1910, c. 143, § 1, 36 Stat. 291 (Comp. St. 1913, § 8662), that an action thereunder may be brought in the district of the residence of the defendant or in which the cause of action arose or in which the defendant shall be doing business, Congress has permitted plaintiff to determine in which of the districts specified he would bring his action, and this permission cannot be denied by the courts, though it may result in inconvenience.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 806, 807, 812; Dec. Dig. ⬅➡268.]

2. COURTS ⬅➡268—FEDERAL COURTS—INJURIES TO SERVANT—DISTRICT IN WHICH SUIT MAY BE BROUGHT—"DOING BUSINESS."

An interstate common carrier, which received for transportation and delivered after transportation a large quantity of freight at certain piers within the district, owned and maintained an office building therein, and had designated an agent on whom process could be served, is "doing business" within the district, so that it could be sued therein under Employers' Liability Act, § 6, though none of the commerce in connection with which the injured servant was employed came into the district.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 806, 807, 812; Dec. Dig. ⬅➡268.

For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

At Law. Separate actions by James Connelly, an infant, by Margaret Connelly, his guardian ad litem, and by Margaret Connelly, against the Central Railroad Company of New Jersey. On defendant's motion to set aside the service of summons in each case because the court has not jurisdiction of defendant's person. Motion denied.

De Forest Bros., of New York City, for the motion.
Sidney A. Syme, of Mt. Vernon, N. Y., opposed.

---

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MAYER, District Judge. This is a motion to set aside the service of the summons in each of these cases on the ground "that this court has not jurisdiction of the person of the defendant." The moving affidavits show that each plaintiff is, and was at the time of the commencement of the action, a resident of Bayonne, N. J.; that defendant is a citizen of New Jersey; and that the cause of action arose at Bayonne, N. J.

The affidavits submitted on behalf of plaintiffs set forth that the cause of action arises under the so-called federal Employers' Liability Act, section 6 of which, as amended April 5, 1910 (Comp. St. 1913, § 8662), provides in part as follows:

"Under this act an action may be brought in a Circuit Court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several states."

The sole question, therefore, is whether, at the time the actions were commenced, defendant was doing business in the Southern district of New York within the meaning of the act. For convenient reference, the essential part of the affidavit of Dickerson, assistant secretary of the above-named defendant, is here set forth:

"That a summons in the above-entitled action was served upon defendant on August 31, 1916. That on said date and for a long time prior thereto the defendant was engaged in the business of interstate common carrier, and as such received for transportation and delivered after transportation a large amount of package freight at four piers on the North River and at its so-called Bronx Terminal on the Harlem River, in New York City. That it also owns and maintains an office building at No. 143 Liberty street, New York City, and that it leases to various tenants rooms in said building. That because of the ownership and operation of said building it designated, under the statutes with regard to the doing of business by a foreign corporation in the state of New York, George O. Waterman as its agent upon whom process could be served. That this action is for personal injuries received by James Connelly, who was employed as a coal handler at defendant's Port Johnson Coal Docks in the city of Bayonne, N. J. That said Connelly at the time he was injured and at all times subsequent to his employment was engaged in the transfer of coal which had been transported by this defendant to said docks and there unloaded and delivered f. o. b. boats of various consignees. That this defendant is engaged in the extensive transportation of coal to tidewater in New Jersey at Port Johnson, and that none of said coal is transported by defendant beyond said docks, but that all of the coal transported to said docks is there delivered to consignees, and that none of said business of coal transportation to Port Johnson relates in any manner whatsoever to business or transactions done and performed within the Southern district of the state of New York."

[1] This motion does not bring up the questions considered in Simon v. Southern Railway, 236 U. S. 115, 35 Sup. Ct. 255, 59 L. Ed. 492, Smolik v. Philadelphia & Reading Coal & Iron Co. (D. C.) 222 Fed. 148, or Takacs v. Philadelphia & Reading Railway Co. (D. C.) 228 Fed. 728. In those cases the courts were considering jurisdiction from the standpoint of the effect of the consent provided for by state statutes or the lack of such consent. In the case at bar there is a clear provision in the federal statute which sets forth the locus of the jurisdiction and allows a plaintiff to determine wheth-

'er he should begin his action in the district where a defendant resides, where the case of action arose, or where the defendant was doing business at the time of the commencement of the action. It may well be that instances may arise where inconvenience may result from bringing the action in a district where neither party resides and where the cause of action did not arise; but questions of convenience or of the work which shall be allotted to the various districts of the United States are, within constitutional limitations, entirely questions for the legislative branch.

As the Congress has deemed it proper and desirable to confer jurisdiction as provided for in section 6 of this act, that provision is not to be defeated by an effort at refined distinction.

[2] From defendant's affidavit in each case it appears that it was doing business in the Southern district of New York at the time of the commencement of the action, and it follows, therefore, that this court has jurisdiction.

The motion is denied.