(95 South. 385)

No. 25013.

## LANCASTER et al. v. DUNN.

(Dec. 29, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Injunction ☞33—Bringing of suit in another state under federal statute not enjoined.**

Under Civ. Code, art. 21, limiting the equity power of the courts to cases in which there is no express law, a resident of Louisiana will not be enjoined from bringing an action for death under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) in a Texas court in which she is expressly permitted by that act to bring suit, where she has qualified as administratrix under the authority of the Texas court and is proceeding in obedience to its orders.

2. **Pleading ☞9—Allegation that suit brought in another state to obtain undue advantage held a mere inference.**

In suit for injunction, allegation that suit was brought in a Texas court instead of in Louisiana, where the cause of action arose, for the purpose of obtaining an undue and inequitable advantage, *held* only an inference drawn from the specific facts alleged.

3. **Injunction ☞33—Bringing of suit in another state not enjoined merely because inconvenient and expensive.**

Under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), authorizing actions thereunder to be brought in any district in which defendant shall be doing business and giving state courts concurrent jurisdiction, it is not sufficient ground for enjoining a resident of Louisiana, where the cause of

action arose, from suing in Texas, that it would be less convenient and more expensive to produce the evidence in the Texas court.

4. **Injunction ☞33—Rule as to suing in another state to evade laws refers particularly to substantive laws.**

The rule that a court of equity may prevent a local citizen from suing in a court of another state, whenever his purpose is to evade the laws of his own state, has reference particularly, if not solely, to substantive laws.

5. **Injunction ☞33—Suit in another state not enjoined merely because of difference respecting conclusiveness of verdict.**

As the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) permits actions to be brought in the district in which defendant is doing business and gives state courts concurrent jurisdiction, it is not a sufficient ground for enjoining a resident of Louisiana, where the cause of action arose, from suing in Texas, that in Texas the verdict is final on questions of fact while in Louisiana the appellate court may reverse the verdict on a question of fact.

Appeal from Twenty-Ninth Judicial District Court, Parish of Jefferson.; Hamilton N. Gautier, Judge.

Suit by J. L. Lancaster and another, receivers of the Texas & Pacific Railway Company, against Mrs. Fannie Dunn. From a judgment dissolving a preliminary injunction, plaintiffs appeal. Affirmed.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, and John E. Fleury, of Gretna, for appellants.

S. P. Jones, of Marshall, Tex., and F. A. Middleton, of New Orleans, for appellee.

O'NIELL, J. Plaintiffs have appealed from a judgment dissolving a preliminary injunction. The judgment was rendered on defendant's motion to dissolve the writ, on the ground that plaintiffs' petition did not disclose a right or cause of action for equitable relief by injunction.

The allegations of the petition for injunction are:

That heretofore, to wit, on or about the 20th day of February, 1921, William T. Dunn, the

husband of Mrs. Fannie Dunn, was in the employ of your petitioners, in the capacity of locomotive fireman, and while regularly performing his duties as fireman on a passenger train engaged in interstate commerce, his engine was derailed and said William T. Dunn was killed.

That, at the time of his death, he left surviving him his wife, Fannie Dunn, and two minor children, George T. Dunn, aged four years, and Bettie Elaine Dunn, aged two years, as his dependents and as the beneficiaries of any damage that may be recovered because of his death.

That the said William T. Dunn, at the time of his death, was a domiciled citizen of the state of Louisiana, and was killed in Louisiana, at Maringouin, in the parish of Iberville.

That the said Mrs. Fannie Dunn, for herself and as the next friend of her minor children, filed suit in the district court of Harrison county, Tex., against J. L. Lancaster and Charles L. Wallace, receivers of the Texas & Pacific Railway Company, claiming the sum of $60,000 actual damages resulting to the claimants from the death of the said William T. Dunn.

That said suit was filed on August 12, 1921, and that citation thereon is returnable on the first Monday in September, the same being the 5th day of September, 1921.

That plaintiff, in said suit, alleges various acts of negligence on the part of said receivers, their agents and employees, resulting in the death of said William T. Dunn; a copy of her said petition filed in Harrison county, Tex., is annexed hereto and made a part of this complaint.

That the said Mrs. Fannie Dunn, in order to further prosecute said suit, has applied for appointment as administratrix of the estate of her deceased husband, and has already been appointed administratrix, as will more fully appear by copy of notice issued by the probate court of Harrison county, Tex., attached hereto and made a part of this petition.

Your petitioners represent that the said accident occurred at Maringouin, in Iberville parish, in the state of Louisiana; that the witnesses to said accident reside in Louisiana; that Mrs. Fannie Dunn is domiciled at McDonoughville, in the state of Louisiana, and that said suit, in due course of law and procedure, and in accordance with the provisions of the Louisiana law, should have been brought in the Louisiana courts.

That the said Mrs. Fannie Dunn, instead of following the usual procedure hereinbefore set out, brought suit in Texas, and seeks to obtain redress in the courts of another state, and petitioners aver that said suit in Texas was not brought in good faith, but for the purpose of harassing, inconveniencing and annoying your petitioners, and seeking thereby to take advantage of a different procedure and more advantageous laws and to gain an undue and inequitable advantage over your petitioners, for the specific reasons hereinafter set forth:

That Marshall, in Harrison county, Tex., is 261 miles from Maringouin, in Iberville parish, La., where said suit would ordinarily have been brought, in the usual course of Louisiana procedure.

That the trial of said case in the state of Texas will necessarily consume many days and will involve bringing as many of the witnesses as possible to Texas, provided the witnesses consent to such procedure, which would cause your petitioners great inconvenience and expense; and that in the event that the said witnesses refuse to go to Texas, it will be necessary for your petitioners to take the depositions of said witnesses, which is not only expensive and inconvenient, but is unsatisfactory and disadvantageous in the trial of important litigation; whereas a trial in Louisiana, in the usual and ordinary course of our procedure, would enable your petitioners to compel the attendance of the witnesses at the trial, and thus avoid the necessity of depositions and the great expense of transporting and maintaining witnesses in Texas.

That likewise Mrs. Fannie Dunn, individually and as administratrix of the succession of her husband, instead of trying said case in the usual manner in Louisiana, on the oral testimony of the witnesses to said accident, will take the depositions of said witnesses, and will thus compel your petitioners to expend a large amount of time and money in taking the said depositions, and will thus deprive your petitioners of the right which they would have if the said case were tried in Louisiana, of having the witnesses present before the jury or court trying the said case, so that the jury or court might observe the conduct of said witnesses, testifying orally before them instead of by deposition.

That the practice and procedure in negligence cases in the state of Texas is materially different and much more favorable to the plaintiff in suits against corporations, than the practice and procedure in the courts of the state of Louisiana, and the suit in question was brought in Texas for the purpose of avoiding the effect of the practice and procedure in the

courts of Louisiana, and to obtain advantages that would result from the difference between the practice and procedure in Texas and Louisiana, controlling and regulating suits of this character.

That under the laws of the state of Texas, a decision of the jury on questions of fact and the question of negligence and liability on the part of the defendant is not, as a matter of practice, subject to the review of the appellate courts of that state, except in rare cases, even though such decisions of the jury may be against the weight of the evidence; while under the law and decisions of the state of Louisiana, the appellate courts have and exercise a review over such facts and law; and your petitioners believe and charge that the institution of said suit in Harrison county, Tex., by Mrs. Fannie Dunn, through her attorneys in Texas, was done for the purpose of evading the laws of Louisiana in this regard.

Your petitioners further show that it is a common custom and a well-known fact, in cases of this kind, for juries to render a verdict on both question of negligence and liability and the amount of damages in harmony with their sympathies and prejudices, rather than in accordance with the law and the facts; and that such is not the custom in Louisiana, where all such questions are subject to review and consideration by the appellant judges of our courts; and your petitioners aver that Mrs. Fannie Dunn filed said suit in Texas in order to obtain an unrestricted jury trial, under the conditions hereinabove set forth, and in order to escape a trial by the judges of the Louisiana courts.

That it is a matter of common knowledge that large and excessive verdicts have been rendered by Texas juries, which said verdicts are much larger and more excessive than would have been permitted if the courts of Texas had exercised a right of review, and said Texas verdicts are much larger than those rendered under similar circumstances by the judges of the courts of Louisiana.

Your petitioners believe and therefore charge that Mrs. Fannie Dunn filed her suit in Texas in order to deprive your petitioners of their rights under the laws of the state of Louisiana, as above set out.

Your petitioners further show that, by reason of the facts hereinabove set forth, the prosecution of said action in Texas will cause your petitioners great expense, inconvenience and annoyance, and is inequitable, unjust and without authority in law, and results in a deprivation of the substantial rights of your petitioner, and was filed for the purpose of obtaining an undue and inequitable advantage over your petitioners; and that the said Mrs. Fannie Dunn, individually and as administratrix of the estate of William T. Dunn, should be enjoined and prohibited from the further prosecution of said suit in the state of Texas, and your petitioners are without remedy except by your equitable writs of injunction.

Wherefore, the accompanying affidavit being considered, petitioners pray that, upon security being furnished in the amount and with the sureties and with the conditions required by law, a writ of injunction be issued temporarily until hearing, restraining and prohibiting Mrs. Fannie Dunn, individually and as administratrix, from the further prosecution of said suit in Harrison county, Tex., either through herself, or through her agents and attorneys, and that the said Mrs. Fannie Dunn be duly cited to appear and answer this petition, and that after due delays and proceedings had, that said injunction be made perpetual, decreeing that she be forever enjoined and restrained from prosecuting said action, or taking any other proceedings of any nature or character whatsoever therein, either individually or as administratrix, or through her attorneys, agents or representatives, and for such further orders as may be necessary in the premises; and for costs and all general and equitable relief.

It is not disputed—in fact, it is admitted in the briefs for the appellants—that, under the federal Employers' Liability Act (Act of April 22, 1908, c. 149, 35 Stat. 65, as amended by the Act of April 5, 1910 [U. S. Comp. St. §§ 8657–8665]), the district court of Harrison county, Tex., had jurisdiction of the suit filed by Mrs. Fannie Dunn against the plaintiffs in this case. The statute reads as follows, viz.:

"Under this act, an action may be brought in a Circuit Court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several states, and no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States." U. S. Comp. St. § 8662.

The doctrine seems to be well established now by the decisions of the courts of other states that a court of equity has authority to prevent a person within the court's jurisdiction from prosecuting a suit in a court having jurisdiction in another state, whenever the purpose or object of the suit complained of is merely to harass and annoy the defendant therein, or to accomplish something unconscionable or inequitable, or not obtainable in the court of the complaint. There is no well-defined rule or formula for determining when such a case is presented to a court of equity. Each case must be determined by its own peculiar facts. The doctrine of the authority is founded upon the theory that every citizen owes obedience to the laws of the state of his domicile and to the decrees of the courts of his domicile. The local court in such case does not undertake to control the other court, but merely controls the individual within the jurisdiction of the local court. 14 R. C. L. pp. 411–419, §§ 112–121; Miller v. Gittings, 85 Md. 601, 37 Atl. 372, 37 L. R. A. 654, 60 Am. St. Rep. 352; Keyser v. Rice, 47 Md. 203, 28 Am. Rep. 448; Cole v. Cunningham, 133 U. S. 107, 10 Sup. Ct. 269, 33 L. Ed. 538; Dinsmore v. Meresheimer, 32 Hun (N. Y.) 204; Weaver v. Alabama G. S. Railroad Co., 200 Ala. 432, 76 South. 364; Kempson v. Kempson, 58 N. J. Eq. 94, 43 Atl. 97; Hawkins v. Ireland, 64 Minn. 339, 67 N. W. 73, 58 Am. St. Rep. 534; Kelly v. Siefert, 71 Mo. App. 143; Reed's Administratrix v. I. C. Railroad Co., 182 Ky. 455, 206 S. W. 794; 22 Cyc. 786–814.

[1] There are three interrelated considerations which, in our opinion, sustain the judgment appealed from. First of all, the equity powers of the courts of this state are, by article 21 of the Civil Code, expressly limited to cases in which there is no express law; secondly, the federal Employers' Liability Act expressly conferred upon the defendant in this suit the right to bring her action for damages or compensation in the court in which she brought it; and, thirdly, she had been appointed and was qualified as the administratrix of her husband's succession, under authority of the Texas court, and was proceeding in obedience to the orders of that court, when the plaintiffs in this case sought to put a stop to the proceeding.

It is conceded by the learned counsel for appellants that a Louisiana court cannot, by injunction or otherwise, prevent Mrs. Dunn's prosecuting her suit in the district court of Harrison county, Tex., to a final and valid judgment; and it is conceded that all that the local court could do in that respect would be to punish Mrs. Dunn for contempt, if she should violate an injunction of the local court, forbidding her to prosecute her suit in the Texas court.

It is true, the Kentucky case, Reed's Administratrix v. I. C. Railroad Co., 182 Ky. 455, 206 S. W. 794, was very similar to the case before us. But there are some differences. In the first place, the equity powers of the Kentucky courts may be not so constrained as are the equity powers of the Louisiana courts. In the second place, the defendant in the injunction suit, who was prosecuting her claim under the federal Employers' Liability Act, in a Minnesota court, had been appointed administratrix by the Kentucky court that afterwards issued the injunction. After her appointment, she was persuaded, in a somewhat reprehensible fashion, to bring her suit in Minnesota, a thousand miles away from her domicile, where the cause of action had arisen; and the judgment of the Kentucky court, perpetuating the writ of injunction, was founded upon the court's conclusion that the bringing of the suit in Minnesota, rather than in Kentucky, was not for any advantage whatever to the administratrix or to those whom she represented, but solely for the purpose of harassing and annoying the railroad company.

[2-5] The allegation, in the present case, that the filing of the suit for damages or compensation in the Texas court, instead of in a Louisiana court, was done "for the purpose of obtaining an undue and inequitable advantage over your (the) petitioners," is, manifestly, only an inference drawn from the specific facts alleged, explaining why appellants believe that an undue or inequitable advantage might result. Appellants urge two complaints in that respect. The first is that it would be less convenient and more expensive to produce the evidence in the Texas court than it would be to produce it in the court in Louisiana, where the cause of action arose. If that were a sufficient consideration for forbidding the filing of such a suit elsewhere than at the place where the cause of action arose, the defendant could, in almost every case, successfully demand that the action be brought where the cause of action arose. We cannot assume that the Congress of the United States, in allowing such an action to be brought "in the district * * * in which the defendant shall be doing business at the time of commencing such action," did not have in mind the inconvenience that would result, in almost if not quite every case, from bringing the suit elsewhere than at the place where the cause of action arose. Appellants' second complaint in that respect, stated broadly, is that, in Texas, a jury's verdict is final on questions of fact, whereas, in Louisiana, the appellate court may reverse the verdict of a jury on a question of fact, as well as on a question of law. The difference in the two systems is in the method of procedure, not in substantive law. There is a rule to the effect that a court of equity may prevent a local citizen from suing in a court of another state whenever his purpose is to evade the laws of his own state; but the rule has reference particularly, if not solely, to substantive laws, such as laws granting or denying liens or privileges, or granting or withholding exemptions, or declaring or denying certain acts to be fraudulent. We do not believe that the Congress of the United States, in establishing an almost ubiquitous jurisdiction for suits under the federal Employers' Liability Act, intended to make an exception with regard to the system of law prevailing in Louisiana.

Appellants do not complain particularly of the decree allowing the appellee damages for the fees of the attorneys who were employed to dissolve the writ of injunction. The allowance does not seem excessive.

The judgment appealed from is affirmed.