REIMAN     MFG.     COMPANY,     LTD.,     v.
UNION HOMESTEAD ASSN.

_____

(June 7, 1926, Opinion and Decree)

_____

(*Syllabus by the Court.*)

1. Louisiana     Digest—Pleading—Par.     11,
62.

An exception of no cause of action should
not be sustained, based on the fact

that the petition contains a conclusion of law that is in conflict with an allegation of fact.

Appeal from the Civil District Court, Division "A", Hon. H. C. Cage, Judge.

Action by Reiman Manufacturing Company against Union Homestead Association, et al. There was judgment for defendant and plaintiff appealed.

Judgment remanding case for further proceedings.

H. W. Robinson, of New Orleans, attorney for plaintiff, appellant.

Carroll and Carroll, H. G. McCall, A. J. Plough, Farrar, Goldberg, and Dufour, of New Orleans, attorneys for defendant, appellee.

RIGHTOR, J.   A married woman desiring to make certain improvements on property of record as her separate property, transferred the property in the usual manner to a homestead association as security for a loan on the property. The homestead association entered into a contract for the improvements with a building contractor, who happened to be the husband of the borrower. A surety company signed the building bond for the job, required by statute. Plaintiff supplied material for the repair of the building, and not having been paid, sued all the parties above named, in solido, making various averments, from which the plaintiff concluded solidary liability on the part of all of the defendants.

Plaintiff's averments are somewhat discursive, possibly inconsistent and to a certain extent against the rule of pleading that forbids duplicity.

The co-defendant surety company filed an exception of no cause of action to the petition and this exception was sustained.

Trial was then had on the merits as to the other defendants and judgment went against one of them as prayed for and one other of them was held solidarily liable in costs.

The four defendants were sued in solido. If the ruling sustaining the exception of no cause of action as to the defendant surety company were incorrect, then such exception must first be overruled and the entire case remanded to be proceeded with over again from the date of the overruling of the exception.

The lower court sustained the exception of no cause of action as to the defendant surety company because, whilst the petition, Article VII, alleges:

"That the said parties required a bond for the faithful performance of the contract, and the payment of all subcontractors, workmen, laborers, mechanics and furnishers of materials, and the said Union Indemnity Co. executed same; that the said contract was recorded in the Mortgage Office for the Parish of Orleans on the 12th day of October, 1920, in Book 1243, folio 500; and the bond for the same recorded in Book 1236, folio 2423, which bond was in favor of the owner, subcontractor, workmen, laborers, mechanics and furnishers of materials jointly as their interest may appear."

Yet Article XVII of the same petition alleges:

"That said Union Homestead Association is moreover liable to petitioner for said claim, because it reconstructed said building directly, without the intervention of a building contractor, said Louis Kaufman being only a sham contractor by collusion with said Union Homestead Association, and because no building contract with the owner of the building was ever executed and recorded, or bond to said owner exact-

ed and recorded, nor has said owner ever recorded in the Mortgage Office notice of acceptance of the building as required by law, and that it secreted said building contract and bond from recordation from August 12th to October 12, 1920."

Under the leading decision of State vs. Hackley, Hume & Joyce, 124 La. 854, 50 South. 772, an allegation of a conclusion of law is no allegation at all. Such an allegation neither adds to or takes from the pleading and inferences drawn from specific facts alleged are equally ineffective. Lancaster vs. Dunn, 153 La. 23, 95 South. 385.

Article VII of the petition, therefore, should be held to stand alone for purposes of pleading and as not affected by the conclusions or inferences of Article XVII.

The case is accordingly remanded to be proceeded with according to this opinion.