ETHEL BROEDER KNAPP, complainant,

*v.*

JULIUS KNAPP, defendant.

[Decided July 7th, 1934.]

*Mr. Freeman Woodbridge,* for the complainant.

Unopposed.

GROSMAN, A. M.

Complainant sues for separate maintenance under section 26 of our Divorce act and also to restrain the defendant from prosecuting a suit for divorce in the state of Morelos, in the republic of Mexico. The parties were married on the 27th day of October, 1929, at the city of Elizabeth, in this state. They took up their domicile in the borough of Highland Park, Middlesex county, in this state, and continued to reside there until the 14th day of October, 1932, when the defendant deserted and went to New York, where he engaged in the plumbing business. The complainant has continued to reside in this state. Subsequent to his desertion the complainant caused the defendant's arrest on a charge of non-

support and he was ordered to pay her the sum of $4 per week by our Middlesex county court of quarter sessions, and in addition thereto, was placed on probation for the term of five years. He continued to pay the sum ordered until December 19th, 1933.

In November, 1933, the complainant was served with what purports to be process in a suit for divorce instituted by the defendant against her in the state of Morelos, Mexico. She thereupon filed her bill in this cause. No service has been effected upon the defendant within this state but an order was made herein on the 19th day of February, 1934, requiring the defendant to appear, plead, answer or demur to the complainant's bill of complaint on or before the 20th day of April, 1934. This order was served upon the defendant personally in the State of New York. He has failed to appear or defend. The complainant has abandoned her prayer for separate maintenance conceding that personal service not having been obtained upon the defendant within this state, such relief cannot be afforded her. She prays, however, for a decree restraining the defendant from prosecuting his Mexican suit. I think she is entitled to this relief.

The parties having established a *bona fide* domicile within this state, this court has jurisdiction both of the defendant and of the marital *res*. The Maxican action instituted by the defendant is seemingly a mail-order proposition. It is common knowledge that Mexican divorces may be obtained by mail even where neither of the parties have ever set foot on Mexican soil. Such suits are palpable frauds and decrees rendered thereunder are worthless.

Even though process was not personally served upon the defendant within this state, I think this court has jurisdiction to grant the relief prayed for under the order of February 19th, 1934, which was served upon the defendant personally in the State of New York and required him to appear and answer or otherwise plead to the complainant's bill on or before the 20th day of April then next. Such orders are authorized by sections 13 and 14 of our Chancery act (*1*

*Comp. Stat. 1910 p. 415*), and section 13 as amended by *P. L. 1912 p. 224* (*Cum. Supp. Comp. Stat.* § *33-13*). I think this case comes squarely within the doctrine of *Kempson* v. *Kempson, 58 N. J. Eq. 94; 43 Atl. Rep. 97; affirmed, 63 N. J. Eq. 783; 52 Atl. Rep. 360, 625.*

I will advise a decree restraining the defendant from further prosecuting his suit in Mexico. If a decree has been entered therein, I will advise a decree declaring such foreign decree fraudulent and of no effect.