## CHESAPEAKE & O. RY. CO. v. VIGOR.

### No. 1198.

District Court, S. D. Ohio, E. D.

Dec. 29, 1936.

Wilson & Rector and Fred Rector, all of Columbus, Ohio, for plaintiff.

Clarence C. Chilcott, of Kansas City, Mo., for defendant.

UNDERWOOD, District Judge.

On November 14, 1936, the plaintiff railroad company filed its verified bill of complaint herein seeking a permanent injunction restraining the defendant from maintaining, carrying on, or prosecuting in any way, any action or proceeding in Kentucky or Indiana, or elsewhere than in Ohio against the plaintiff herein to recover damages growing out of the death of defendant's decedent, Harry F. Chilcott. In particular, plaintiff seeks to restrain said defendant from proceeding with any such suit in the states of Indiana and Kentucky.

Plaintiff filed its application for a temporary injunction, seeking substantially the same relief pending the final hearing of this case November 17, 1936.

The defendant filed her motion to dismiss plaintiff's bill alleging want of equity; that the bill showed upon its face that plaintiff is not entitled to the relief prayed for, and that this court is without jurisdiction to grant the prayer of said bill.

All requirements with regard to notice having been complied with, this cause properly came on for hearing in this court upon plaintiff's application for a temporary injunction and defendant's motion to dismiss the bill of complaint. These questions were orally argued to the court, and briefs and affidavits were filed on behalf of both parties.

The facts of this case, as found by this court from the verified bill of complaint filed by the plaintiff and the affidavits filed by both plaintiff and defendant, are as follows: The plaintiff herein is a railroad corporation, resident and citizen of the state of Virginia, engaged in the transportation of passengers and freight in both interstate and intrastate commerce. Plaintiff conducts its business in various states, including Indiana, Virginia, and Ohio, and it owns and operates lines extending through Marion and Franklin counties in the latter state. Harry F. Chilcott, a resident and citizen of Franklin county, Ohio, was employed by the plaintiff as a brakeman. While so employed, and engaged in interstate commerce, he was injured at Marion, Ohio, on or about February 28, 1936, and subsequently died, leaving his widow, Mary Chilcott, a resident of Franklin county, as his sole beneficiary and next of kin. Florence Vigor also of Franklin county, was appointed and duly qualified as administratrix of his estate, thereafter bringing suit in the state court, Jefferson county, Ky., against the plaintiff herein under the Federal Employers' Liability Act (45 U.S.C.A. § 51 et seq.), alleging that the death of her decedent was caused by the aforesaid injury received in the course of his employment. This action was dismissed by the defendant herein without prejudice, after a plea to the jurisdiction of the court had been entered by this plaintiff.

The administratrix then filed her action for the same cause in the United States District Court for the Northern District of Indiana, Hammond Division, under section 6 (as amended) of the Federal Employers' Liability Act, being U.S. Code, title 45, § 56 (45 U.S.C.A. § 56) and that suit is still pending. It is admitted that many witnesses whose testimony will be required during the trial of the Indiana case are residents of Marion and Franklin counties, Ohio; some of them are physicians and some of them are employees of the plaintiff herein, engaged in interstate commerce at their various places of employment. At least a part of the records needed by the railroad corporation in its defense are located at Columbus, Franklin county, Ohio. The attorney who represents the administratrix is a resident of Kansas City, Mo., and the plaintiff has employed Columbus attorneys upon a yearly or contract basis, who could conveniently defend a suit brought in Franklin county.

Plaintiff herein seeks to restrain said defendant from maintaining her suit in any court outside the state of Ohio upon four principal grounds: First, because the plaintiff herein is unable to compel the attendance of witnesses in another forum; second, because the litigation at Hammond would be a burden upon interstate commerce; third, that it would involve additional expense, disadvantage, and inconvenience to said plaintiff; and fourth, because of the difficulty involved in securing the application of the principles of Ohio law in the Indiana forum.

It must be conceded that under the statute the suit to which plaintiff herein objects could properly be filed in the Northern District of Ohio, where the accident occurred; in the federal courts of Virginia, residence of the plaintiff herein; or in the United States District Court of

any district in which the corporation is doing business; which in this case include both this court and that of Hammond, Ind. It therefore follows that the District Court at Hammond has jurisdiction of the subject-matter, and under the act, the defendant herein is given the right to file her action in Hammond, as well as in other courts, both state and federal, upon which jurisdiction is conferred by the act.

Thus it becomes clearly apparent that the defendant herein is attempting to exercise a legal right expressly conferred upon her by federal statute. If this court has power to grant the injunctive relief sought, certainly the exercise of that power must be based upon a clear and convincing showing that oppression and hardship, or fraud, are being inflicted upon the plaintiff herein; or in other words that the exercise of such legal right by the defendant would be clearly inequitable as against the plaintiff.

As its first ground for this action, plaintiff says that it will be unable to compel the attendance of witnesses in Hammond. It would appear that in this respect the defendant will have an equal difficulty, with possible advantage to this plaintiff, inasmuch as the plaintiff should be better able to produce its own employees at the trial than the defendant to produce witnesses over whom she has no control. If this ground should be a controlling factor, and it should be again urged in repeated actions such as this, it would in all probability exclude a suit in the federal courts of the Northern District of Ohio where the accident occurred; and a suit in the federal courts of Virginia, the state in which plaintiff herein has its residence; leaving to the defendant herein, as to federal courts, none of the choices given her by statute except to sue in a district wherein plaintiff is doing business, as she is now doing. But the plaintiff corporation demands that the choice be further restricted by denying to the administratrix the right to sue outside the state of Ohio; which means, in the ultimate end, virtually a mandate from this court to bring her action in a state court or in the Southern District of Ohio, the only federal jurisdiction where this same objection could not be urged as to Franklin county witnesses. After all, the courts of this district are qualified only by the fact that the plaintiff corporation does business here. Hence, the qualification is the same

as the Hammond court and such injunction would merely take the choice from the defendant herein, where it is placed by statute and give it to this plaintiff corporation upon the same basis of selection; that is, where the corporation does business. This court is unable to find any equitable merit in taking a privilege from one upon whom it is conferred by statute and giving it to the opposite party against whom that specific privilege was granted.

For the reasons just stated, this court is unable to find any greater merit in the plaintiff's contentions that its records needed in the trial are kept in Columbus, Ohio; that it will be under a great disadvantage if unable to produce its witnesses personally, and that it will be difficult to produce rebuttal witnesses. It has been held that the mere fact that witnesses cannot be produced by those in the position of the plaintiff herein is no ground for granting an injunction. Connelly v. Central Ry. Co. of N. J. (D.C.) 238 F. 932; Trapp v. Baltimore & O. R. Co. (D.C.) 283 F. 655, 657; Lancaster v. Dunn, 153 La. 15, 95 So. 385; Chicago, M. & St. P. Ry. Co. v. McGinley, 175 Wis. 565, 185 N.W. 218; Missouri-Kansas-Texas Ry. Co. v. Ball, 126 Kan. 745, 271 P. 313. The court in the case of Trapp v. Baltimore & O. R. Co., speaking of the right to bring the action where the defendant company was doing business, aptly said: "That this may overburden the calendar of this court with actions arising outside of the district, and that much inconvenience may arise from permitting an action to be brought here, when the plaintiff and all the witnesses on both sides may reside in Maryland or Indiana, are considerations merely of convenience, and can be given controlling weight by Congress alone, which has power to make or amend the law."

Plaintiff for its second ground urges that a suit maintained in Hammond, Ind., would be a burden upon interstate commerce. The fact that litigation conducted in the place chosen may incidentally place some burden upon interstate commerce has been repeatedly held no ground for injunctive relief. In the case of Schendel v. McGee (C.C.A.) 300 F. 273, 278, it was said: "We assume Congress could provide that actions in the federal courts should be brought at places where the same would not constitute a burden on commerce, but Congress has not done so.

It has given the right under the federal Employers' Liability Act, hereinbefore discussed, to an injured party, or in case of his death to the duly constituted representative, to maintain an action for damages in the courts of the district where the defendant is doing business at the time the suit is commenced. We are not concerned with the justice * * * of such legislation." To the same effect may be cited, Hoffman v. State of Missouri, 274 U.S. 21, 47 S.Ct. 485, 71 L.Ed. 905; Denver & R. G. R. Co. v. Terte, 284 U.S. 284, 52 S.Ct. 152, 76 L.Ed. 295; Southern Railway Co. v. Cochran (C.C.A.) 56 F.(2d) 1019; Hoch v. Byram, 180 Minn. 298, 230 N.W. 823; Wolf v. Chicago, M., St. P. Ry. Co., 180 Minn. 310, 230 N.W. 826; and Wood v. Delaware & H. R. Corporation (C.C.A.) 63 F.(2d) 235, all going to the same point and leading to the conclusion that such burden, if any, is for the consideration of Congress and not for the courts.

It is granted, of course, that a state may not impose an unreasonable burden upon interstate commerce; but it must also be granted that Congress has the power to regulate and control interstate commerce, and a burden imposed by a federal statute must stand upon an entirely different basis. If the result of the act here in question be to impose such burden, it is still the law; if it is to be changed, Congress alone has that power and the courts cannot object to the legitimate exercise by Congress of a power which it possesses beyond any rational doubt. In this instance, it is not the act of the defendant herein which produces a possible burden upon interstate commerce, nor is it the act of any state; it is an act of Congress, supported by the necessary legislative powers of that body.

It is urged by the plaintiff as a third ground, that a suit prosecuted by the defendant herein at Hammond would involve additional expense, disadvantage, and inconvenience to this plaintiff. With this contention, it is averred that witnesses must be transported, maintained, and compensated; that the time of trial will be indefinite, and that plaintiff has employed attorneys in Columbus, Ohio. Again, these same objections, as in the case of the first ground, could be urged in any federal court except one located in the Southern District of Ohio, although to some extent in a lesser degree. But if eq-

uitable relief such as is here demanded, is to be granted, it must be based upon something more than a mere balance of convenience. Possible additional expense, disadvantage, or inconvenience are not grounds for injunctive relief in such cases. Hoffman v. State of Missouri, 274 U.S. 21, 47 S.Ct. 485, 71 L.Ed. 905; Denver & R. G. R. Co. v. Terte, 284 U.S. 284, 52 S.Ct. 152, 76 L.Ed. 295; Southern Railway Co. v. Cochran (C.C.A.) 56 F.(2d) 1019; Connelly v. Central Ry. Co. of N. J. (D.C.) 238 F. 932; Trapp v. Baltimore & O. R. Co. (D.C.) 283 F. 655; Lancaster v. Dunn, 153 La. 15, 95 So. 385; Chicago, M. St. P. Ry. Co. v. McGinley, 175 Wis. 565, 185 N.W. 218; Southern Pac. Co. v. Baum, 39 N.M. 22, 38 P.(2d) 1106; Wood v. Delaware & H. R. Corporation (C.C. A.) 63 F.(2d) 235.

It may be admitted that a suit in any jurisdiction is inconvenient and disadvantageous to any defendant, but the courts have deemed it injudicious to engage in any comparative measurement of degrees of convenience, as the following citations show:

"It may well be that instances may arise where inconvenience may result from bringing the action in a district where neither party resides and where the cause of action did not arise; but questions of convenience or of the work which shall be allotted to the various districts of the United States are, within constitutional limitations, entirely questions for the legislative branch.

"As the Congress has deemed it proper and desirable to confer jurisdiction as provided for in section 6 of this act, that provision is not to be defeated by an effort at refined distinction." Connelly v. Central Ry. Co. of N. J. (D.C.) 238 F. 932, loc. cit. 934.

"The prosecution of an action brought under the Federal Employers' Liability Act (45 U.S.C.A. §§ 51–59), to recover for personal injuries, in a court of competent jurisdiction of a foreign state, may be enjoined, where it is necessary to prevent hardship, oppression, or fraud, but it will not be enjoined merely on the ground of the convenience of the parties.

"The fact that a large number of the witnesses to be called in the case reside in this state where the cause of action accrued, making it necessary to take depositions instead of oral testimony is not a sufficient ground for an injunction." Mis-

souri-Kansas-Texas R. Co. v. Ball, 126 Kan. 745, 271 P. 313.

As a fourth and final ground, plaintiff avers that it will be difficult to secure the application of principles of Ohio law in the Indiana forum. This, too, must be considered as a mere matter of relative convenience upon which this court is unable to grant the relief sought. Lancaster v. Dunn, 153 La. 15, 95 So. 385; Chicago, M. & St. P. Ry. Co. v. McGinley, 175 Wis. 565, 185 N.W. 218; and Missouri-Kansas-Texas Ry. Co. v. Ball, 126 Kan. 745, 271 P. 313.

Therefore, taking the allegations of the bill of complaint herein as established facts for the purpose of defendant's motion, as it is required to do, this court finds that said bill does not allege, and sufficient grounds have not been shown to justify granting the injunctive relief prayed for, and that defendant's motion ought to be, and the same hereby is, sustained. The bill is dismissed for want of equity, and plaintiff's application for a temporary injunction denied. Entry accordingly.