Filed Sept. 24, 1886.

---

No. 13,373.

WILSON v. JOSEPH.

INJUNCTION.—*Attachment in Another State.*—*Evasion of Exemption Laws.*— Injunction will lie to restrain a resident of Indiana from prosecuting an attachment proceeding against another resident, in the courts of

.another State, in violation of section 2162, R. S. 1881, which makes it an offence to send a claim against a debtor out of the State for collection, in order to evade the exemption laws.

From the Floyd Circuit Court.

*B. F. Davis*, for appellant.

*J. K. Marsh*, for appellee.

Elliott, J.—It is alleged in the complaint that the appellant is a resident householder of this State, and an employee of a railroad company incorporated under the laws of the State; that the appellee is also a resident of Indiana; that the latter is about to institute proceedings in attachment in the State of Illinois, and will, unless restrained, garnish the wages due the former from his employer, and that the purpose of the appellee is to prevent the appellant from availing himself of the exemption laws of Indiana. Prayer for an injunction restraining the appellee from prosecuting his proceedings in attachment in the courts of Illinois.

It is a familiar principle of equity jurisprudence, that decrees in equity operate only on the person, and that suits will be entertained although the subject of the suit is situated in another State. Mr. Pomeroy thus states the general principle: "Where the subject-matter is situated within another State or country, but the parties are within the jurisdiction of the court, any suit may be maintained and remedy granted which directly affect and operate upon the person of the defendant and not upon the subject-matter, although the subject-matter is referred to in the decree, and the defendant is ordered to do or to refrain from certain acts toward it, and it is thus ultimately but indirectly affected by the relief granted. As examples of this rule, suits for specific performance of contracts, for the enforcement of express or implied trusts, for relief on the ground of fraud, actual or constructive, for the final accounting and settlement of a partnership, and the like, may be brought in any State where jurisdiction of defendant's person is obtained, although the land or other sub-

ject-matter is situated in another State or even in a foreign country." 3 Pomeroy Eq. Juris., section 1318. Judge Story lays down a like doctrine. Story Eq. Juris., section 899.

Our own court has recognized and enforced this equitable principle, as, indeed, all the courts have done, without any material diversity of opinion. *Bethell* v. *Bethell*, 92 Ind. 318. The principle asserted by these authorities supplies the initial proposition for our decision, and the only possible doubt that can arise is whether it applies to such a case as the present. The authorities do apply it to such cases, and in our judgment they proceed on sound and satisfactory reasoning. In *Snook* v. *Snetzer*, 25 Ohio St. 516, the question was presented, as it is here, and it was held that an injunction would lie. The same view of the law was asserted in *Dehon* v. *Foster*, 4 Allen, 545, where it was said: "An act which is unlawful and contrary to equity gains no sanction or validity by the mere form or manner in which it is done. It is none the less a violation of our laws, because it is effected through the instrumentality of a process which is lawful in a foreign tribunal. By interposing to prevent it, we do not interfere with the jurisdiction of courts in other States, or control the operation of foreign laws. We only assert and enforce our own authority over persons within our jurisdiction, to prevent them from making use of means by which they seek to countervail and escape the operation of our own laws, in derogation of the rights and to the wrong and injury of our own citizens." In the recent case of *Cunningham* v. *Butler*, 5 E. R. 725, the general principle which rules here is strongly asserted and rigidly enforced. The question came before the court in *Engel* v. *Scheuerman*, 40 Ga. 206 (2 Am. R. 573), in the same form as it comes before us, and it was held that an injunction would lie. What we have said of the case just mentioned applies to *Keyser* v. *Rice*, 47 Md. 203 (28 Am. R. 448), where the precise question was adjudicated. The Supreme Court of Kansas, in two recent cases, adopts substantially the same views as those asserted in the cases to which.

we have referred. *Zimmerman* v. *Franke,* 34 Kan. 650 ; *Missouri Pacific R. W. Co.* v. *Maltby,* 34 Kan. 125.

The authorities upon the general question are collected in a late number of the Central Law Journal, and an examination of the cases there collected will prove that an injunction is the appropriate remedy in such a case as the one in judgment. 23 Cent. L. J. 268.

The object of our exemption laws, as this court has many times declared, is to secure to a resident householder the reasonable comforts of life for himself and his family. This is a doctrine asserted by our organic law and by our statutes. It was to give full and just effect to this humane and benign principle of our law, that the Legislature enacted a statute making it an offence for any person to send a claim against a debtor out of the State for collection, in order to evade our exemption laws. R. S. 1881, section 2162. The enactment of which we are speaking is prohibitory in its character, for it is one of the rudimentary principles of the law that a statute making an act a criminal offence prohibits its performance as effectually as if the prohibition were expressed in direct terms. There can, therefore, be no doubt that our statutory law prohibits a creditor from evading our exemption laws by sending his claim to a foreign jurisdiction for collection.

The attempt to take from a workman the wages earned by him, by sending the claim to a jurisdiction where our exemption laws will not avail him, is one that the courts will not tolerate. They will, on the other hand, lay " the strong arm of chancery " upon persons within their jurisdiction, and prevent them from taking away the wages which our Constitution and our statute wisely secure to him for the support of his family.

The case of *Uppinghouse* v. *Mundel,* 103 Ind. 238, is addressed to questions essentially different from those presented by this record, and it is, therefore, not at all in point.

Judgment reversed.

Filed Sept. 25, 1886.