CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS
RAILWAY COMPANY *v.* SHELLY.

[No. 13,791. Filed February 25, 1930. Rehearing denied May 15,
1930. Transfer denied March 28, 1933.]

*Frank L. Littleton, Forrest Chenoweth, Harry N. Quigley, S. W. Baxter* and *Charles P. Stewart,* for appellant.

*James W. Noel, Hubert Hickam, Allan W. Boyd, Robert D. Armstrong,* and *Charles P. Noell,* for appellee.

ENLOE, J.—December 16, 1927, appellee was an employee of appellant, working as a yard switchman in the yards of appellant at Brightwood, Marion county, Indiana. He had been in such employment for about eight years previous to said date, and during all of said time, and at the time of the filing of the complaint herein, said Shelly was an actual bona fide resident of the city of Indianapolis, Marion county, Indiana. On the day above mentioned, while at work as a yard switchman, in said yards, he met with an injury by accident which resulted in the loss of one of his legs. The appellant is a railroad corporation duly organized under the laws of the states of Indiana and Ohio and has been such for more than 30 years, and as such owns and operates various lines of steam railway extending into and through the states of Ohio, Indiana and Illinois. During said time, appellant has owned and operated, and, at the time of said injury to appellee, and now, it owns and operates, several lines of steam railway running into and through Marion county, Indiana, and through a large number of other

counties in the state of Indiana (39 are mentioned in the complaint). March 9, 1928, appellee brought suit, as plaintiff, against appellant, in the circuit court of the city of St. Louis, in the state of Missouri, to recover damages for the injuries so sustained by him. The action now under consideration was brought against appellee, personally, to. restrain him from prosecuting his said suit so brought in the circuit court of the city of St. Louis.

The facts above set forth are alleged in the complaint, and it is also therein alleged, inter alia: That upon the trial of the said action for damages, appellant will have some 15 to 20 witnesses, all residents of Indianapolis, and most of them in the service of the appellant, working as yard switchmen in said Brightwood yards, the attendance of which witnesses cannot be compelled at said trial; that said employees are engaged in the work of making up trains, both inter and intra state; and that even if they consented to and did attend said trial, as witnesses, the business of appellant, in handling its commerce, would be greatly disrupted, and also appellant would be put to great expense and inconvenience, all consequent upon its being compelled to litigate said matter in a foreign jurisdiction; that if appellant is compelled to take the depositions of said witnesses, it would be under a great disadvantage in that the jury could not see its witnesses, hear them testify, nor observe their demeanor while testifying.

It was also alleged that if said cause were tried in the state of Missouri, appellant would be deprived of the full benefit of certain rights which it would have in the courts of the state of Indiana, and that in the state of Missouri a verdict for the plaintiff may be returned upon the concurrence of nine members of a jury of 12. There was also an averment that said suit was brought in said Missouri court for the purpose of causing this appellant

great inconvenience, expense, injury and damage, and in order that appellee herein might secure an inequitable, unjust and unconscionable advantage over appellant by avoiding the laws of the state of Indiana and procuring the benefit of the laws of the state of Missouri. The complaint contains many other allegations, but most of them are of a formal nature and need not be herein set out. The prayer was that appellee herein be restrained and enjoined from prosecuting his said suit so instituted by him in said court in Missouri or from aiding or assisting therein, and for all proper relief.

A demurrer for want of fact was sustained to this complaint, and from this ruling, and the judgment subsequently entered, this appeal is prosecuted. The sufficiency of said complaint is the only question before us.

The question herein involved has been considered by the courts of last resort in a number of states, including our own. In *Great Western R. Co.* v. *Miller* (1869), 19 Mich. 305 at p. 315, it was said: "It is not to be denied that much hardship is likely to arise where a person is called upon to defend himself against a charge arising out of transactions occurring at a distance, and out of the jurisdiction. Witnesses can not always be compelled or induced to be present at the trial, and where a knowledge of localities becomes essential it is impossible to obtain a view by the jury. Questions of foreign law may, as in this case, become important elements of decisions. We think that when by the pleadings, or upon the trial, it appears that our tribunals are resorted to for the purpose of adjudicating upon mere personal torts committed abroad, between persons who are all residents where the tort was committed, the inconveniences and the danger of injustice attending the investigation of such controversies render it proper to decline proceeding further."

In *Wabash R. Co.* v. *Peterson* (1919), 187 Iowa 1331,

175 N. W. 523, 525, the alleged cause of action arose in Council Bluffs, Iowa, but the suit was brought thereon in the state of Missouri, and the defendant railroad company then brought an action in the Iowa court to restrain the said plaintiff from doing any act or thing in furtherance of his said suit. In passing upon the questions presented the court said: "It is settled by the overwhelming weight of authority, indeed there is no dispute in authority, that such an injunction as is here prayed acts merely upon those who are within the jurisdiction of the court as a regulation of their conduct, and is not an attempt to control the action of the courts in a sister state, and is not in contravention of any right given by the Constitution or laws of the United States. (Citing authorities). . . . While we agree with the trial judge that no one has a vested interest in mere procedure, . . . we are of the opinion that, aside from that the Missouri suit will work an irreparable and substantial injury to civil and to property rights of a pecuniary nature. If not a direct pecuniary loss, it is still a substantial and needless disadvantage to compel one to make defense by depositions where bringing suit in a place where it can be brought without disadvantage to plaintiff will obviate the need of defending by that method. Needlessly compelling a party to pay for bringing witnesses 200 miles is a direct pecuniary injury. And it is an irreparable one because the outlays for the purpose are largely nontaxable, and they could not be recovered for, no matter how rich is the party that makes such outlay necessary. Injunctions such as this have been sustained when the pecuniary loss was less direct than this (citing authorities)."

In *Miller* v. *Gittings* (1897), 85 Md. 601, 37 Atl. 372, 37 L. R. A. 654, 60 Am. St. 352, it was said: "The transactions in this case all occurred in the city of Baltimore. The parties to this controversy are all citizens and resi-

dents of that city. The evidence would naturally be there and readily obtainable, and courts are established there with jurisdiction competent to determine the rights of the parties, according to the law of Maryland, of which they have judicial knowledge. The complainant is (and should not be) subjected to prosecution before a tribunal in another State, which must ascertain the law through imperfect methods of proof; where there must be much difficulty and expense in obtaining the evidence of the witnesses; and where the legal processes have features of severity and harshness. . . ."

Without reference to actual intention, there is no escaping from the conclusion that, on the facts at bar, the suit is an instance of vexatious litigation, such as is condemned by the quite general consensus of authority.

In *Bigelow* v. *Old Dominion Copper, etc., Co.* (1908), 74 N. J. Eq. 457. 71 Atl. 153, the court, at p. 473, speaking by Pitney, Chancellor, said: "I have not the least doubt or difficulty about the power of a court of equity in one state to restrain its own citizens, or other persons within the control of its process, from the prosecution of suits in other states or in foreign countries. The power proceeds from the undoubted authority that a court of equity possesses over persons within its jurisdiction to restrain them from doing anything that is contrary to equity and good conscience, to the wrong and injury of others, whether the threatened inequitable conduct consists in the prosecution of an action or whatever it may happen to be. The court of equity thus appealed to acts *in personam*, and it is immaterial whether the threatened ineqtable conduct is to be carried on within or without the limits of the jurisdiction." See also 14 R. C. L. 411-419; Story, Eq. Jur. (14th Ed.) 1224; *Northern Pac. R. Co.* v. *Richey & Gilbert Co.* (1925), 132 Wash. 526, 232 Pac.

355; *Rader* v. *Stubblefield* (1906), 43 Wash. 334, 86 Pac. 560, 10 Ann. Cas. 20.

In *Sandage* v. *Studebaker Bros. Mfg. Co.* (1895), 142 Ind. 148, 41 N. E. 380, 34 L. R. A. 363, 51 Am. St. 165, it was said: "As long as a citizen belongs to a State, he owes it obedience; and as between States, the State in which he is domiciled, has jurisdiction over his person and his personal relations to other citizens of the State. . . . That a citizen of a State, under a showing of sufficient facts, can be enjoined from commencing or prosecuting a suit against his fellow citizen in the courts of another State, is an equitable rule, recognized and enforced by this court and many others." See *Wilson* v. *Joseph* (1886), 107 Ind. 490, 8 N. E. 616; *Cole* v. *Cunningham* (1890), 133 U. S. 107, 10 Sup. Ct. 269, 33 L. Ed. 538; and *First Nat. Bank* v. *Sarlls* (1891), 129 Ind. 201, 28 N. E. 434, 13 L. R. A. 481, 28 Am. St. 185, in which latter case an injunction was granted against the rebuilding of a house which had been partially destroyed by fire, and, while not a nuisance *per se*, yet the rebuilding of the same would work a special and irreparable damage to the owner of adjacent property.

The case of *Reed's Admx.* v. *Illinois Central R. Co.* (1918), 182 Ky. 455, 206 S. W. 794, 797, and which is a leading case, is very much in point in this case. Reed had been an employee of the company in its yards at Paducah, Kentucky; while so employed he met his death, by accident, arising out of the movement of a train in said yards, at said place; his widow, as administratrix, brought suit against his employer, said railroad company, in the district court of Ramsey county, Minnesota; Reed had lived, and his widow lived and letters testamentary were granted to her by the court in McCracken county, Kentucky; and suit was brought in the circuit court of McCracken county, Kentucky, to enjoin her from prosecuting her said suit so brought in Minnesota. From

a decree of the trial court enjoining said administratrix as prayed, an appeal was prosecuted to the Supreme Court of Kentucky, and in passing upon the matter, the court in sustaining the action of the trial court, after citing and quoting from many authorities, said: "Further citation of authority in support of the jurisdiction exercised by the lower court in this case would unnecessarily encumber this opinion, because there is, as we have said, no dispute as to the power of the court in a proper state of case to enjoin a citizen of the state from prosecuting against another citizen of the state a suit in the courts of another state." The allegations in the case at bar followed very closely the material allegations in the Reed case, supra.

In the Reed case, supra, as in the case at bar, it was also urged that as the Federal Employers' Liability Act (45 U. S. C. A. §§ 51-59), under which said suit was brought (it was so brought in the case at bar), authorized the administratrix to bring the suit in the state of Minnesota, the Kentucky court had no power to enjoin her from prosecuting such suit in said court. In passing upon this matter the court said: "It will be observed that this statute fixes the venue of the action when brought in a circuit court of the United States at three places, and further provides that the jurisdiction of the courts of the United States shall be concurrent with that of the courts of the several states; thus, as we think, permitting the action to be brought in a state court at any place where it might be brought in a circuit court of the United States; and this being so, under the admitted facts the Minnesota state court had jurisdiction, as the railroad company was doing business in the federal district in which the action was brought at the time of its commencement.

"We do not, however, give to this statute the peremptory effect claimed for it by counsel for the administra-

trix, or agree with their contention that, as it was allowable under the act to bring this suit in the state of Minnesota, therefore the plaintiff could not be restrained by injunctive process from prosecuting it to a conclusion in that state. . . . The Federal act does not, as we think, take away from the courts the power they possessed before its enactment to restrain the plaintiff in a transitory suit from doing an inequitable and unconscionable thing that would subject the defendant to great and unnecessary costs and inconvenience. . . . The act merely limits instead of enlarging the places where the suit must be brought and it confers no more right to bring the suit in the places named in the act than the general law before the act conferred the right to bring the suit at any place where the defendant could be brought before a court having jurisdiction."

We fully concur in the view above expressed.

Under the facts alleged in the complaint in the case at bar, the prosecuting of said suit in the courts of Missouri will not only cause appellant herein needless and irreparable damage, but would be to allow appellee herein the benefit of an inequitable and unfair advantage over appellant. The courts of Indiana are open to appellee; the cause of action arose here; the witnesses all live here; and the courts of this state can deal justly with the parties.

Judgment reversed, with instruction to overrule the demurrer to the complaint, and for further proceedings consistent with this opinion.