Ex parte CRANDALL.

No. 9125.

District Court, S. D. Indiana, Evansville Division.

May 4, 1931.

Don Kenneth Jones, of Chicago, Ill., for appellant.

Phelps F. Darby and John D. Welman, both of Evansville, Ind., H. T. Lively, Ashby M. Warren, and Woodward, Hamilton & Hobson, all of Louisville, Ky., for appellee.

EVANS, Circuit Judge.

The questions presented by respondent's motion to quash the writ of habeas corpus are both interesting and novel. They grow out of the following state of facts:

The Vanderburgh county probate court of Indiana appointed Inez B. Crandall administratrix of the estate of her husband, who met his death while operating a locomotive engine for the Louisville & Nashville Railroad Company, which was a corporation organized under the laws of the state of Kentucky and engaged in interstate and intrastate commerce in the states of Indiana, Illinois, Kentucky, Tennessee, Missouri, and others. The administratrix brought an action in the circuit court, St. Louis, state of Missouri, against said railroad company to recover damages for the death of said Joseph T. Crandall, and alleged in her declaration that such death occurred on March 23, 1930; that said Joseph T. Crandall left him surviving, his wife, Inez B. Crandall, and a minor daughter, Janet; that said Joseph T. Crandall's death occurred while he was operating a locomotive engine pulling a freight train, running between Nashville, Tenn., and Evansville, Ind.; that the locomotive engine, which deceased was operating, was unsafe for use in interstate traffic, in that its boiler and appurtenances were defective and unsafe; that the boiler of said engine exploded due to its defects, with the result that said engineer Crandall was severely scalded, from which scalding he died shortly thereafter. It was also alleged that, at the time said Crandall met his death, the said railroad was engaged in interstate commerce. The railroad company, upon the institution of this action,

petitioned the Vanderburgh county probate court to enjoin the administratrix from further prosecuting said action in the Missouri state court, charging among other things, that said Crandall was at the time of his death, and for some years previous had been, a resident of Evansville, Ind.; that at the time of the commencement of the action in the Missouri state court said administratrix and her daughter resided in the said city of Evansville, Ind.; that said engineer Crandall met his death near Kinney, Tenn., which is located about 120 miles south of Evansville; that the railroad company maintained shops and railroad offices at Evansville, Ind.; that all or nearly all of the numerous witnesses, whose testimony would be offered in the trial of the negligence action, lived in Evansville, Ind., and the prosecution of the action in St. Louis would entail a heavy burden upon the railroad and upon commerce to defend the same far from the home of the witnesses; that a court is regularly held in Evansville, Ind.; that a fair and prompt trial could be there had.

Defendant denied that the engine, which Crandall was operating when he was hurt, was defective or out of repair, and alleged that the boiler explosion resulted from the negligent handling of the engine by said Crandall.

Upon the hearing, the court enjoined the administratrix "from either directly or indirectly doing or performing any act or acts in connection with or in furtherance of said cause pending in said Circuit Court, City of St. Louis, State of Missouri, and from counselling, advising with or in any manner communicating with said Charles P. Noell, administrator, * * * or with any one else for the purpose of or in an effort to prepare said cause for trial, and from attending said trial as a witness and from giving any testimony either as a witness at the trial or by deposition or otherwise in furtherance of said litigation; also from in any way furnishing to the said administrator or the attorneys in said cause, or anyone else the names of witnesses or procuring or enabling others to procure the attendance of witnesses to give testimony, either at the trial of said cause, by deposition or otherwise * * *."

The administratrix dismissed her suit, and then caused her attorney to be appointed administrator of the estate in St. Louis, Mo., and he commenced another action in the circuit court, St. Louis, State of Missouri, similar to the one that had been dismissed. The railroad then filed an information for con-

tempt of court, and an order to show cause was served upon the administratrix. She did not appear, and the court thereupon adjudged her in contempt. and ordered her to pay "the State of Indiana the sum of Five Hundred Dollars' ($500.00), and that she be committed to the Indiana Women's Prison for a period of three months, and that both fine and imprisonment shall be suspended upon dismissal of the suit mentioned in the information filed."

No appeal was taken from this order, and the sheriff imprisoned petitioner. She thereupon secured a writ of habeas corpus from this court, which writ was issued pursuant to title 28, section 452, USCA. The sheriff brought the prisoner before the court, and made a return setting forth all of the proceedings that had taken place in the Vanderburgh probate court.

The legal questions, over which there is sharp controversy, are:

(1) Has the Vanderburgh probate court, as a probate court, authority to direct an administratrix appointed by it to discontinue an action brought under the Federal Employers' Liability Act, in the circuit court, St. Louis, Mo.?

(2) Has the Vanderburgh probate court, as a court of general equity jurisdiction, authority to restrain an action brought by a local citizen against a local resident in a state court of a sister state, where the basis of the injunctive relief sought is the great inconvenience to witnesses and the additional expense incident to a trial at a place far removed from the residences of the necessary witnesses?

(3) Did the Federal Employers' Liability Act (45 USCA § 56) restrict, limit, or deny the jurisdiction of a court of general equity jurisdiction to enjoin parties within its jurisdiction from bringing suits in places far removed from the place where the cause of action arose, and the witnesses reside?

(4) Should a federal court exercise its power (28 USCA § 452) to release a citizen imprisoned by a decree or judgment of a state court in violation of the citizen's constitutional rights, before such imprisoned citizen has exhausted his remedies to secure his freedom, by appeal from or writ of error to said state court decree or judgment?

Question (1), in the last analysis, depends, for its disposition, upon the answer to question 3; for, if the Federal Employers' Liability Act gave to the administratrix herein an absolute right to maintain an action against respondent in any state where said respondent was doing business, it necessarily follows that the Vanderburgh probate court could not limit or deny said absolute right merely because it appointed the party in whose name the cause of action must be brought for the benefit of others.

It is unnecessary to answer the fourth question in view of the conclusion reached respecting the answer to question 3.

 (2) The Vanderburgh probate court was, and is, in addition to being a probate court, a court of general equity jurisdiction. That such a court of general equity jurisdiction may ordinarily restrain an action brought by a local citizen against a local resident in a court of a sister state, where the basis of injunctive relief is the inconvenience to witnesses and the additional burden incident to a trial at a place far removed from the residence of the necessary witnesses, is well established. In 14 R. C. L. 412, it is said: "The general rule, therefore, is, that where a party is within the jurisdiction of the court, he may, on a proper showing, be enjoined from prosecuting an action in a court of another state."

The decisions well support this statement of the law. Illinois Life Insurance Co. v. Prentiss, 277 Ill. 383, 115 N. E. 554; Wabash Ry. Co. v. Peterson, 187 Iowa, 1331, 175 N. W. 523; Northern Pacific Ry. Co. v. Richey & Gilbert Co. et al., 132 Wash. 526, 232 P. 355; Fisher v. Pacific Mutual Life Ins. Co., 112 Miss. 30, 72 So. 846; Culp v. Butler, 69 Ind. App. 668, 122 N. E. 684; Cleveland, C., C. & St. L. Ry. Co. v. Shelly, Administratrix (Ind. App.) 170 N. E. 328; Chicago, M. & St. P. Ry. Co. v. McGinley, 175 Wis. 565, 185 N. W. 218.

 Petitioner contends that the Federal Employers' Liability Act (45 USCA §§ 51–59) covers the entire subject of the railroad's liability to its employees engaged in interstate commerce; that it is beyond the power of any state, by legislative enactment or judicial pronouncement, to interfere with the operation of this act; that causes of action given by this act are transitory in character, and may be enforced in any court having jurisdiction of the subject-matter and of the parties; that the circuit court, city of St. Louis, state of Missouri, has cognizance of the cause of action and of the parties; that all questions of convenience of witnesses and burdens upon litigants were considered by the Congress which gave petitioner the right to determine the forum wherein she should

bring her action; that petitioner's right to select the forum wherein her cause of action may be tried is an absolute right, which cannot be limited, restricted, or denied by a state court of equity which otherwise might control the place of trial to suit the convenience of witnesses and to avoid the unnecessary burdens incident to a trial at a distant place.

Respondent, on the other hand, denies that the Federal Employers' Liability Act (45 USCA §§ 51–59) took away from a court of equity its power to control, on a proper showing, the place of trial of an action brought in a state court of a sister state to enforce a liability created by this act.

(3) A sharply controverted and somewhat doubtful question arises out of the alleged restriction of such powers of a court of general equity jurisdiction occasioned by the enactment of the Federal Employers' Liability Act. For the purpose of narrowing the precise question under consideration, it may be conceded: (a) That the federal act defined the rights of the employees and imposed upon the interstate railroad a liability in case of its negligence resulting in an injury to or the death of an employee while engaged in interstate commerce. New York Central R. R. Co. v. Winfield, 244 U. S. 147, 37 S. Ct. 546, 61 L. Ed. 1045, L. R. A. 1918C, 439, Ann. Cas. 1917D, 1139. (b) Neither a state court nor a state Legislature can lawfully interfere with the operation of the act. Spokane & Inland E. R. R. v. Campbell, 241 U. S. 497, 36 S. Ct. 683, 60 L. Ed. 1125. (c) The cause of action arising out of this federal act is transitory and may be enforced in any court having jurisdiction of the subject-matter and of the parties. (d) The circuit court, St. Louis, Mo., has jurisdiction of the cause of action here sued upon. Kepner v. Cleveland, C. C. & St. L. Ry. Co., 322 Mo. 299, 15 S.W.(2d) 825, 65 A. L. R. 599. (e) If the Vanderburgh probate court, as a court of general equity jurisdiction, may restrain the administratrix from prosecuting the action in the circuit court, St. Louis, Mo., its judgment is reviewable by appeal to the appellate courts of Indiana, but it is not reviewable by this court through an application for a writ of habeas corpus.

The answer to question (3) must be made in the light of the decisions rather than upon individual impressions. It depends to a large extent upon the reading of the statute. 45 USCA § 56 reads as follows:

"*Actions; Limitation; Concurrent Jurisdiction of Courts; Removal of Case in State Court.* No action shall be maintained under this chapter unless commenced within two years from the day the cause of action accrued.

"Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States, and no case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

Petitioner relies upon the Second Employers' Liability Cases, 223 U. S. 1, 32 S. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44, where this Act was first considered by the Supreme Court. She also relies upon Chicago, M. & St. P. Ry. Co. v. Schendel (C. C. A.) 292 F. 326; Connelly v. Central R. Co of N. J. (D. C.) 238 F. 932; Trapp v. Baltimore & O. R. Co. (D. C.) 283 F. 655; Lancaster v. Dunn, 153 La. 15, 95 So. 385; Payne v. Knapp, 197 Iowa, 737, 198 N. W. 62.

Respondent relies upon Chicago, M. & St. P. Ry. Co. v. McGinley, 175 Wis. 565, 185 N. W. 218; Walton v. Pryor, 276 Ill. 563, 115 N. E. 2, L. R. A. 1918E, 914; Cleveland, C., C. & St. L. Ry. Co. v. Shelly (Ind. App.) 170 N. E. 328; Michigan Central R. R. Co. v. Mix, 278 U. S. 492, 49 S. Ct. 207, 73 L. Ed. 470; Douglas v. N. Y., N. H. & H. R. R. Co., 279 U. S. 377, 49 S. Ct. 355, 73 L. Ed. 747; and Davis v. Farmers' Co-operative Equity Co., 262 U. S. 312, 43 S. Ct. 556, 67 L. Ed. 996.

Examining first the Second Employers' Liability Cases, 223 U. S. 1, 32 S. Ct. 169, 177, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44, we find the court dealing with the state court jurisdiction in the following language:

"We come next to consider whether rights arising under the congressional act may be enforced, as of right, in the courts of the states when their jurisdiction, as prescribed by local laws, is adequate to the occasion. * * *

"The amendment, as appears by its language, instead of granting jurisdiction to the state courts, presupposes that they already possessed it. * * *

" ' * * * The fact that a state court derives its existence and functions from the state

laws is no reason why it should not afford relief; because it is subject also to the laws of the United States, and is just as much bound to recognize these as operative within the state as it is to recognize the state laws. The two together form one system of jurisprudence, which constitutes the law of the land for the state; and the courts of the two jurisdictions are not foreign to each other, nor to be treated by each other as such, but as courts of the same country, having jurisdiction partly different and partly concurrent. * * * It is true, the sovereignties are distinct, and neither can interfere with the proper jurisdiction of the other, as was so clearly shown by Chief Justice Taney, in the case of Ableman v. Booth, 21 How. 506, 16 L. Ed. 169; and hence the state courts have no power to revise the action of the Federal courts, nor the Federal the state, except where the Federal Constitution or laws are involved. But this is no reason why the state courts should not be open for the prosecution of rights growing out of the laws of the United States, to which their jurisdiction is competent, and not denied.'

"We are not disposed to believe that the exercise of jurisdiction by the state courts will be attended by any appreciable inconvenience or confusion; but, be this as it may, it affords no reason for declining a jurisdiction conferred by law. The existence of the jurisdiction creates an implication of duty to exercise it, and that its exercise may be onerous does not militate against that implication. * * *

"We conclude that rights arising under the act in question may be enforced, *as of right,* in the courts of the states when their jurisdiction, as prescribed by local laws, is adequate to the occasion."

It is the language of the last sentence of the above quotation upon which petitioner may and does rely. The jurisdiction of the Missouri state court is adequate to the occasion. It is not limited or restricted by any Missouri state statute.

From these facts and this decision, it is argued that the right is an absolute one, which may not be restricted by the state. The decision in Douglas v. N. Y., N. H. & H. R. R. Co., supra, clarifies the meaning of the word "right" as here used. In the last-cited case, the question under consideration was the ruling of a state court in dismissing an action brought by a nonresident to recover damages from a railroad engaged in interstate commerce and doing business in New York. The court said, page 387 of 279 U. S.; 49 S. Ct. 355, 356: "As to the grant of jurisdiction in the Employers' Liability Act, that statute does not purport to require State Courts to entertain suits arising under it but only to empower them to do so, so far as the authority of the United States is concerned. It may very well be that if the Supreme Court of New York were given no discretion, being otherwise competent, it would be subject to a duty. But there is nothing in the Act of Congress that purports to force a duty upon such Courts as against an otherwise valid excuse."

A third case, Michigan Central R. R. Co. v. Mix, 278 U. S. 492, 49 S. Ct. 207, 73 L. Ed. 470, contains language quite inconsistent with petitioner's position. In this case an application to the highest court of Missouri for a writ of prohibition to enjoin the judge of the circuit court from acting in a suit brought by an administratrix against an interstate railroad was sustained. The court there said, page 495 of 278 U. S., 49 S. Ct. 207, 209: "The mere fact that she had acquired a residence within Missouri before commencing the action does not make reasonable the imposition upon interstate commerce of the heavy burden which would be entailed in trying the cause in a state remote from that in which the accident occurred and in which both parties resided at the time."

In reaching its conclusion, the court relied upon Davis v. Farmers' Co-operative Equity Co., 262 U. S. 312, 43 S. Ct. 556, 67 L. Ed. 996.

Accepting as I must the construction of the act placed on it in the Douglas Case, it is apparent that there is a difference, so far as claimant's right to select her forum is concerned, between the jurisdiction of the federal court and the jurisdiction of the state court. "There is nothing in the Act of Congress that purports to force a duty upon such Courts as against an otherwise valid excuse." Congress could not, and did not, enlarge the jurisdiction of the state courts. The jurisdiction of the state court is defined by the state which creates it. The most that Congress could do was to permit a state court to enforce the cause of action created by the federal act. Not being permitted to create a jurisdiction of the state court, it is needless to add that Congress did not, and could not, restrict the jurisdiction of a state court.

When the act was passed, state courts of general jurisdiction entertained suits to enforce liability arising out of the negligent

operation of railroads engaged in interstate, as well as intrastate, commerce. The litigants in those courts, however, were subject to the control of courts of equity having jurisdiction of the person. It follows, therefore, that Congress, not having created nor restricted the jurisdiction of the state court over causes of action such as the one here under consideration, did not, and could not, deal with the power of one state court to enjoin, upon a proper showing, actions brought by and against citizens within its jurisdiction in the state courts of a sister state. Such are the holdings of Chicago, M. & St. P. Ry. Co. v. McGinley, 175 Wis. 565, 185 N. W. 218; Walton v. Pryor, 276 Ill. 563, 115 N. E. 2, L. R. A. 1918E, 914; Reed's Adm'x v. I. C. R. R. Co., 182 Ky. 455, 206 S. W. 798; Cleveland, C., C. & St. L. Ry. Co. v. Shelly (Ind. App.) 170 N. E. 328.

The state and inferior federal court decisions relied upon by petitioner can all be distinguished in some respect. In the case of Chicago, M. & St. P. Ry. Co. v. Schendel (C. C. A.) 292 F. 326, the court was dealing with the control of a state court over an administrator who had brought suit in a federal District Court. In Payne v. Knapp, 197 Iowa, 737, 198 N. W. 62, the court was passing upon the effect of an Iowa state statute. Inferentially, the court there intimated that upon a proper showing (not made) the state court could enjoin an action brought under the Federal Employers' Liability Act (45 USCA §§ 51–59) in a state court of a sister state. In Lancaster v. Dunn, 153 La. 15, 95 So. 385, there appears language unquestionably upholding petitioner's contention. Nevertheless, the decision was based upon the limited equity power of the court to which the application was made. In Trapp v. B. & O. R. Co. (D. C.) 283 F. 655, the court was again dealing with a suit brought under the federal act in a federal court. Moreover, the case arose upon a motion to dismiss for want of jurisdiction, and did not involve the precise question here involved. The case of Connelly v. Central R. Co. of N. J. (D. C.) 238 F. 932, must be likewise distinguished.

In view of the foregoing discussion, it is hardly necessary to add that I have not considered the wisdom of the order entered by the Vanderburgh probate court upon the contempt proceedings, or the sufficiency of the evidence to support the injunctional decree entered. My only inquiry has been to ascertain whether such court had jurisdiction of the parties and of the subject-matter. In passing, however, it might be observed that the court should require a clear showing on the applicant's part before any injunctional order would be justifiable. The convenience of the railroad's witnesses is by no means the only factor to be considered in determining whether an administratrix shall be enjoined from choosing the forum wherein she shall try an action of so much importance to her.

I wish to acknowledge my indebtedness to counsel on both sides for the helpful assistance both on the oral argument and in the printed briefs filed.

It is ordered that the writ be discharged, and the petitioner, Inez B. Crandall, be remanded to the custody of William Habbe, Esq., sheriff of Vanderburgh county, Ind.

NOTE.—In case the petitioner desires to appeal from this decision, an order may be entered staying the order of the Vanderburgh probate court until the further order of this court, upon petitioner's own recognizance.