### Ex parte CRANDALL.

#### CRANDALL v. HABBE, County Sheriff.

#### No. 4593.

Circuit Court of Appeals, Seventh Circuit.

Nov. 23, 1931.

Don Kenneth Jones, of Chicago, Ill., for appellant.

Ernest Woodward, of Louisville, Ky., John D. Welman and Phelps F. Darby, both of Evansville, Ind., H. T. Lively, Ashby M. Warren, and Woodward, Hamilton & Hobson, all of Louisville, Ky., and Arthur S. Lytton, of Chicago, Ill., for appellee.

Before ALSCHULER and SPARKS, Circuit Judges, and LINDLEY, District Judge.

ALSCHULER, Circuit Judge.

The appeal is from an order discharging a writ of habeas corpus and remanding appellant to the custody of the sheriff of Vanderburgh county, Ind.

The controversy arose out of litigation respecting a suit brought by appellant, a resident of Vanderburgh county, against the Louisville & Nashville Railway Company for

alleged wrongful causing of the death of appellant's husband, an employee of the railroad, while he was engaged in interstate commerce.

Appellant was appointed, April 10, 1930, by the Vanderburgh county probate court, administratrix of her husband's estate. July 8, 1930, as such administratrix, she brought action in the circuit court of St. Louis, Mo., against the railroad under the "Federal Employers' Liability Act" (45 USCA §§ 51–59). August 6, 1930, the railroad asked that the Vanderburgh county probate court enjoin appellant from further prosecuting her action in the St. Louis court, charging, inter alia, that the accident whereby the deceased met his death occurred in Tennessee; that its railroad extended through Vanderburgh and other counties in Indiana, and also into St. Louis, Mo.; that St. Louis is very much farther from the place of the accident than is Evansville, which is the county seat of Vanderburgh county; and that there are many witnesses residing in and about the place of the accident whose testimony the railroad must have in the trial of the cause, a number of them being railroad employees, whose long absence from their duties would unreasonably embarrass the railroad in its discharge of its duties as a public carrier, and would unreasonably burden interstate commerce through the much larger expense of taking them to St. Louis rather than to Evansville, and keeping them there in attendance at the trial. The railroad made other allegations tending to indicate that the prosecution of the action at St. Louis would improperly, unreasonably, and inequitably burden and harass the railroad.

September 19, 1930, appellant dismissed her suit at St. Louis, and on the same day her attorney in that action was appointed administrator at St. Louis, and filed another suit in the same court, alleging the identical cause of action.

September 25, 1930, the railroad presented a supplemental complaint to the Vanderburgh county probate court charging that appellant collusively dismissed her suit at St. Louis and had her attorney appointed administrator to begin the action there, and asking for a temporary injunction against the prosecution of that action. September 30, 1930, the petition was heard, and a temporary injunction was issued restraining appellant, until further order of the court, from further prosecuting the suit at St. Louis.

March 5, 1931, appellant, as administratrix, was substituted as plaintiff in the St. Louis suit, and on March 11 information against appellant for contempt was presented by the railroad in the Vanderburgh county probate court. March 18 the probate court entered an order reciting that appellant, while at that time present in court with her attorneys, made no answer to the information for contempt and introduced no evidence, and finding that, upon the information and the evidence submitted thereunder, she had violated the temporary injunction of September 30, and was guilty of contempt, and ordered her to pay the sum of $500 and to be committed to the Indiana women's prison for three months, the penalty to be suspended upon dismissal of her suit at St. Louis.

Thereupon the habeas corpus under consideration was sued out in the federal court.

The facts are more fully stated in the opinion of Judge Evans, before whom the habeas corpus was heard. Ex parte Crandall (D. C.) 52 F.(2d) 650.

Section 56, tit. 45, U. S. C. (45 USCA § 56), Federal Employers' Liability Act, § 6, as amended by Act April 5, 1910, § 1, provides that: "Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States, and no case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

It is contended for appellant that the right to begin the suit in any state court of competent jurisdiction was thereby given to appellant, and that the Vanderburgh county probate court was wholly without jurisdiction to limit or qualify this right conferred by the federal act, and that all it did to that end was void.

█ There is nothing in the act which requires the states to maintain courts for taking cognizance of such actions. Indeed, it has been held the state may lawfully provide that its courts shall not be open for the bringing of actions for causing death where the occurrence resulting in the death was outside of the state; and it was distinctly held that such restriction would bar action by a nonresident brought under the fed-

eral act in a court of the state imposing the restriction. Douglas v. N. Y., N. H. & H. R. Co., 279 U. S. 377, 49 S. Ct. 355, 73 L. Ed. 747.

Concededly the Vanderburgh county probate court is a court of general equity jurisdiction.

■ A well-recognized subject of equity jurisdiction is, under a proper state of facts, the restraining of residents of a state from beginning or prosecuting suits in the courts of another state. Sandage v. Studabaker Co., 142 Ind. 148, 41 N. E. 380, 34 L. R. A. 363, 51 Am. St. Rep. 165; Wilson v. Joseph, 107 Ind. 490, 8 N. E. 616. The decisions of various other states might be cited. The general principle is sustained in Michigan Cent. R. Co. v. Mix, 278 U. S. 492, 49 S. Ct. 207, 73 L. Ed. 470.

In Cleveland, C., C. & St. L. Ry. Co. v. Shelly (Ind. App.) 170 N. E. 328, 331, the precise question was involved with reference to restraining the prosecution of a suit in the Missouri courts of an action which arose in Indiana under the Federal Employers' Liability Act. The court said: " * * * the prosecuting of said suit in the courts of Missouri will not only cause the appellant herein needless and irreparable damage, but would be to allow the appellee herein the benefit of an inequitable and unfair advantage over the appellant. The courts of Indiana are open to appellee; the cause of action arose here; the witnesses all live here; and the courts of this state can deal justly with the parties."

The same conclusion was reached in Reed's Adm'x v. I. C. R. Co., 182 Ky. 455, 206 S. W. 794, where a Kentucky citizen was restrained from beginning suit in the Minnesota state court in an action arising under the Federal Employers' Liability Act.

The Wisconsin Supreme Court, considering the same question, said: "There is nothing in the Federal Employers' Liability Act as amended, which is indicative of an intent on the part of Congress to prohibit a court of equity from so regulating the conduct of its own citizens by an injunction, as to prevent hardship, oppression, or fraud, and if prior to the passage of such Employers' Liability Act, the power existed in a court to grant relief by injunction as indicated, such power continued to exist and now exists." Chicago, M. & St. P. Ry. Co. v. McGinley, 175 Wis. 565, 185 N. W. 218, 220.

In the recent work of Roberts on Federal Liabilities of Carriers, vol. 2, § 962, the general equity in proper cases to restrain persons within the jurisdiction of the courts of one state from beginning or maintaining actions in another is pointed out, and the right to invoke this equity in actions arising under the Federal Employers' Liability Act clearly set forth. [1]

The general right of Indiana citizens to begin actions of this nature, wherever service of process on the defendant could be had, was always potentially qualified by the jurisdiction of equity to restrain the citizen from commencing the action in a foreign jurisdiction where to do so would unreasonably, inequitably, and unfairly harass, oppress, or defraud the defendant.

The Federal Employers' Liability Act does not assume to remove this qualification, and in our judgment does not exempt the citizen from invocation against him of this equitable jurisdiction under facts which would in general justify its application.

Whether the power of the state court to restrain would extend to the commencement of such suits in any federal court is not here involved.

■ The Vanderburgh county probate court appearing to have jurisdiction over the subject-matter wherein its temporary injunction was granted, the federal courts, by habeas corpus or otherwise, are without power to pass upon the wisdom, justice, or legality of its action.

For further discussion we refer, with approval, to Judge Evans' opinion. (D. C.) 52 F.(2d) 650.

The order appealed from is affirmed.

[1] "It seems clear that no federal right is denied by a decision of a state court granting an injunction restraining parties subject to its jurisdiction, from prosecuting in the courts of another state an action under the federal Employers' Liability Act upon the ground that the prosecution of such action would work an unconscionable hardship upon the defendant. The right of a party, resident or non-resident, to institute an action under the liability act in a state court springs, not from the liability act, or any other federal statutory or constitutional provision, but from the constitutional and statutory provisions of the state which establishes the court and defines its powers. Hence where a state court, exercising its inherent authority to prevent persons within its equitable jurisdiction from employing the process of another court as an instrument of fraud, oppression, etc., enjoins such a person from instituting or maintaining a suit under the liability act in the courts of another state, neither that determination, nor a judgment of the highest court of that state affirming the same, is subject to review in the national Supreme Court upon the ground that a federal right has been denied, although the action which is thus excluded from a court of competent jurisdiction is one based upon a federal statute."